# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynn Marie Polzin, et al., | No. CV-23-00006-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Carrington Mortgage Services LLC, et al., | |
| Defendants. | |

Before the Court is Defendant Carrington Mortgage Services LLC's Motion to Dismiss, (Doc. 31), and Motion for Summary Disposition, (Doc. 38). For the following reasons, the Court grants the Motion to Dismiss on the merits and denies the Motion for Summary Disposition as moot.

**I.   Complaint**

Plaintiffs were notified of the possibility of the foreclosure of their home and auction sale around February 2022. (Doc. 1 at 8). Plaintiffs attempted to avoid foreclosure by seeking forbearance. (Id.) However, despite Plaintiffs' efforts, on November 15, 2022, Plaintiffs home was sold at an auction by Carrington Mortgage and purchased by Defendant Jordan Elise Properties, LLC. (Id.)

Plaintiffs filed this action, seeking to overturn the sale and bringing claims under the Cares Act Public Law No. 116-136, Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531, 5536(a)(1)(B), Fair Credit Reporting Act ("FCRA"), § 623(a)(1)(F)(ii), 15 U.S.C. § 1681s-2(a)(1)(F)(ii), Real Estate Settlement Procedures Act

("RESPA") Regulation X, Z, and state law claims against Carrington Mortgage and Defendant Jordan Elise Properties, LLC. (Id. at 2-3). Carrington Mortgage then filed the Motion to Dismiss currently before the Court.

**II.   Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Rule 12(b)(6) must be read in conjunction with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Ileto, 349 F.3d at 1199-1200.  A complaint need not provide detailed factual allegations; however, a plaintiff must provide more than "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to raise a right to relief above the speculative level and to "state a claim that is plausible on its face." Id. at 555, 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996).

When a court is deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996) (citing Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).

**III.   Analysis**

Carrington Mortgage argues 1) that Plaintiffs' asserted federal claims do not have a

private right of action and/or are not adequately plead and 2) that Plaintiffs are barred from contesting the validity of the trustee's sale because they did not oppose the sale before the deadline to do so.

### A.     Private Right of Action

Carrington Mortgage argues that Plaintiffs failed to state their federal claims because the federal statutes listed by Plaintiff do not provide a private right of action. "The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Cannon v. Univ. of Chi., 441 U.S. 677, 688 (1979). "Instead, the statute must either explicitly create a right of action or implicitly contain one." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1230 (9th Cir. 2008).

First, Plaintiffs bring a claim under the Cares Act Public Law No. 116-136. There is no private right of action under the Cares Act. See Alo v. Fresno City Coll., 22-CV-01271-ADA-BAM, 2022 U.S. Dist. LEXIS 226475, at *7, 2022 WL 17722606 (E.D. Cal. December 15, 2022) (collecting cases).

Second, Plaintiffs bring a claim under the CFPA. There is no private right of action under the provisions of the CFPA that outlines the duties of the Consumer Financial Protection Bureau. Diaz v. Argon Agency Inc., C15-451, 2015 U.S. Dist. LEXIS 160444, at *8, 2015 WL 7737317 (D. Haw. Nov. 30, 2015) (collecting cases).

Third, Plaintiffs bring a claim under the Fair Credit Reporting Act § 623(a)(1)(A), codified at 15 U.S.C. § 1681s-2(a)(1)(A). There is no private right of action under this section. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011) (citing Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002)).

Fourth and last, Plaintiffs bring a claim under RESPA Regulations X and Z. Some provisions of RESPA do not have a private right of action. Delino v. Platinum Cmty. Bank, 628 F. Supp. 2d 1226, 1232 (S.D. Cal. 2009). But Plaintiffs only specifically cite to 12 C.F.R. § 1024.38, and there is no private right of action under this section. Estate of Brantner v. Ocwen Loan Servicing, LLC, 2021 U.S. Dist. LEXIS 135170, at *5-6, 2021

WL 3053055 (W.D. Wash. July 20, 2021) (collecting cases). Plaintiffs have otherwise failed to allege a violation of any specific sections, and thus have failed to state a claim under RESPA Regulations.

Accordingly, Plaintiffs have failed to state a federal claim. Because Plaintiffs allege that this Court has jurisdiction over the matter due to federal jurisdiction[1] and because the Complaint does not state a federal claim, the Court cannot exercise jurisdiction over Plaintiffs' state claims. Therefore, the state claims must also be dismissed for lack of subject matter jurisdiction.

### B.     Trustee Sale

Even if Plaintiffs had stated a claim under federal law, Plaintiffs claims relating to the invalidity of a trustee's sale could not survive. The "deed of trust scheme is a creature of statutes." In re Vasquez, 266 P.3d 1053, 1055 (2011). Thus, objections to a trustee's sale are controlled by statute, specifically A.R.S. § 33-811, which states:

> [A]ll persons to whom the trustee mails a notice of a sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

Here, Plaintiffs request that the home sale be overturned. The Complaint further states that Plaintiffs were notified[2] of the auction sale over ninth months before the sale took place, and Plaintiffs do not allege that they pursued injunctive relief by the deadline. Consequently, they waived any objection to the validity of the sale. See, e.g., Zubia v. Shapiro, 408 P.3d 1248, 1253 (Ariz. 2018) (finding that a plaintiff waived forgery and wrongful foreclosure claims because she did not seek injunctive relief before the deadline and these claims would require determining whether the trustee's sale was invalid).

### C.     Attorneys' Fees

Carrington Mortgage requests attorneys' fees and costs. Carrington does not state

---

[1] Plaintiffs do not allege diversity jurisdiction and list Jordan Elise Properties as a resident of Arizona, so diversity jurisdiction requirements under 28 U.S.C. § 1332 are not met.
[2] Plaintiffs admit that the notice was legally sufficient. (Doc. 1 at 8).

or list its fees and costs, discuss any of the factors used to determine whether a party is eligible for fees under the cited statutes, or make any argument as to why its attorneys' fees are reasonable. See LR Civ. 54.2(c). Thus, the Court denies without prejudice Carrington Mortgage's request.

### IV.  Dismissal of Remaining Defendant

Jordan Elise Properties has not appeared or moved for dismissal. However, courts may *sua sponte* dismiss a case for lack of subject matter jurisdiction, Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."), or under Rule 12(b)(6), Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

Here, Plaintiffs claims clearly cannot survive, for the reasons stated above, and the Court finds dismissal appropriate. Additionally, Plaintiffs did not file a response to either of Carrington Mortgage's Motions, perhaps recognizing the futility of their claims, and have not filed any other documents since then, indicating that Plaintiffs intend to allow this case to lapse into closing.

### V.  Conclusion

Accordingly,

**IT IS ORDERED granting** Defendant Carrington Mortgage's Motion to Dismiss. (Doc. 31).

**IT IS FURTHER ORDERED denying as moot** Defendant Carrington Mortgage's Motion for Summary Disposition. (Doc. 38).

**IT IS FURTHER ORDERED dismissing without prejudice** this matter and directing the Clerk of the Court to terminate this case.

Dated this 4th day of October, 2023.

_____
Honorable Stephen M. McNamee
Senior United States District Judge